BROWNING, J.
Appellants, the plaintiffs in the trial court, seek review of several rulings by the trial court culminating in the order dated January 25, 2002, granting Appel-lees’ motion for summary judgment, partial summary judgment and/or judgment on the pleadings; and an order granting Appellee Ms. Burrows’ motion for judgment pursuant to section 78.20 & -.21, Florida Statutes (1999). Appellants contend that summary judgment is precluded by the existence of genuine issues of material fact. We agree that genuine issues of material fact exist, e.g., on the issues of whether Appellant Mr. Black has an individual right of ownership or possession of the office equipment in question; whether Mr. Black has standing to bring an action against Appellees on behalf of Appellant Burrows and Black Interiors, Inc.; and whether there is a specific, identifiable res on which to impose a constructive trust. Accordingly, we reverse the summary final judgment and the order awarding attorney’s fees and costs, and remand for further proceedings.
*128 Appellants argue that the trial court erred in awarding attorney’s fees to Ms. Burrows, notwithstanding her failure to plead entitlement to fees pursuant to section 78.20, Florida Statutes. The answer and affirmative defenses include Paragraph (16), alleging that, as a result of Mr. Black’s fraud upon the court, the amended complaint should be dismissed with prejudice and Ms. Burrows should be awarded a reasonable attorney’s fee and court costs. No specific statutory basis for fees and costs was cited. The motion for summary judgment claimed entitlement to attorney’s fees under section 57.105, Florida Statutes. The amended motion for judgment and for attorney’s fees expressly cited section 78.20 and -.21, and the trial court’s order stated that the fees award was based on section 78.20. Given this record, Appellants received sufficient notice of Ms. Burrows’ request and basis for attorney’s fees.
Section 78.21 does not cover the instant facts and is not a basis for relief. Section 78.20 states:
78.20 Judgment for defendant when goods retained by, or redelivered to, defendant_When property has been retained by, or redelivered to, defendant on his or her forthcoming bond or upon the dissolution of a prejudgment writ and defendant prevails, he or she shall have judgment against plaintiff for his or her damages for the taking, if any, of the property, attorney’s fees, and costs. The remedies provided in this section and s. 78.21 shall not preclude any other remedies available under the laws of this state.
Under the plain language of this provision, entitlement to fees and costs expressly depends on whether the “defendant prevails.” Our reversal of the order granting final summary judgment and other attendant orders renders the question of whether Ms. Burrows “prevailed” premature. Thus, no current basis for attorney’s fees and costs exists.
We REVERSE the order granting Ap-pellees’ motion for summary final judgment and the order granting attorney’s fees and costs pursuant to section 78.20, and REMAND for further proceedings.
ALLEN and VAN NORTWICK, JJ., concur.